UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DAVID JOSE TOYO RIBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| J&G FLORIDA CONSTRUCTION, INC., | ) |
| XTREME K.C. SALES AND INSTALLATION, INC., | ) |
| GERARDO APARICIO, in his individual capacity, & | ) |
| JEISSON APARICIO, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, David Jose Toyo Ribon, pursuant to 29 U.S.C. § 216 through undersigned counsel and sues Defendants, J&G Florida Construction, Inc. ("J&G"), Xtreme K.C. Sales and Installation, Inc. ("Xtreme"), Gerardo Aparicio, and Jeisson Aparicio for unpaid minimum wages, unpaid overtime pay, declaratory relief, injunctive relief, and damages. Ribon is also suing Defendants for misclassifying him as an independent contractor and issuing him a fraudulent IRS Form 1099 in violation of 26 U.S.C. § 7434. In support hereof, Plaintiff states:

**NATURE OF ACTION**

1. Plaintiff brings this action against Defendants for unpaid minimum wages and unpaid overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"). Ribon is also suing Defendants for issuing him a fraudulent 1099. *See* Exhibit No. 1.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Oviedo, Seminole County, Florida and he was engaged in commerce as defined by the FLSA while employed by Defendants and Defendants were Plaintiff's employers as defined by the FLSA.

6. Jeisson and Gerardo Aparicio are brothers. Together, they are "J&G" and Xtreme. J&G and Xtreme are construction companies organized under the laws of the State of Florida. J&G is located at 506 Flower Fields Lane, Orlando, Florida 32824. Xtreme is located at 1401 Aguacate Court, Orlando, Florida 32837.

7. J&G and Xtreme are joint employers because Plaintiff performed installation work for both companies at the same time.

8. Plaintiff worked for Defendants across Central Florida performing construction work and, in particular, kitchen and bathroom installation and cabinetry work for large construction projects in new apartments, new homes, and new condominiums. The cabinets were transported from outside of Florida into the state. Therefore, this Court has jurisdiction over this case. Plaintiff engaged in interstate commerce. Defendants had two (2) or more employees which engaged in interstate commerce. Defendants performed more than $500,000 in gross business transactions in 2017 and 2018.

## STATEMENT OF FACTS

9. Defendants hired Ribon in or about June 2017.

10. Defendants misclassified Ribon as an independent contractor and issued him an unlawful 1099 for 2017. *See* Exhibit No. 1.

11. At the same time, Defendants issued Ribon a W-2 for work performed in 2017. *See* Exhibit No. 2.

12. Defendants issued Plaintiff a 1099 *and* W-2 for 2017 because they were trying to evade their overtime obligations and to minimize Defendants' tax liability with the IRS.

13. Ribon was not Defendants' independent contractor; Ribon was an employee as defined by the FLSA and 26 U.S.C. § 7434.

14. Obviously, Defendants issued Ribon a W-2 for 2017 which is an admission that he was an employee and that issuing him a 1099 for 2017 served no lawful purpose.

15. Ribon did not own or operate his own company; therefore, he was not an independent contractor.

16. Ribon used Defendants' tools and equipment to perform his assigned tasks.

17. Defendants' ADP paystubs said that Plaintiff paid social security taxes like an employee. *See* Exhibit No. 3.

18. Defendants' paid Plaintiff every week like an employee through both companies. *See* Exhibit No. 4.

19. Defendants' paid Plaintiff a flat rate per day no matter how many hours he worked per week.

20. Some weeks, Defendants paid Plaintiff without going through payroll. *See* Ex. 4.

21. Plaintiff regularly worked in excess of 40 hours per week including travel.

22. Plaintiff was required to report to work at around 5:00 a.m. and travel to and from various locations across Central Florida, Tampa, Port St. Lucie, and Daytona.

23. However, Defendants did not pay him minimum or overtime pay for hours over 40 hours spent traveling and working because they were self-servingly misclassifying him as an independent contractor between their two (2) companies.

24. Defendants' total weekly pay when divided by total weekly hours worked per week did not equal or exceed the federal minimum wage.

25. Defendants terminated Plaintiff in April 7, 2018, when he complained to Gerardo Aparicio about unpaid overtime and after Plaintiff demanded that he be paid as a W-2 employee at all times.

26. This was a retaliatory termination under the FLSA triggering compensatory and and punitive damages.

27. While employed by Defendants, Plaintiff was a non-exempt employee as that term is defined by the FLSA.

28. Defendants did not keep accurate time records of the hours that Plaintiff worked which is a stand-alone violation of the FLSA.

29. Defendants did not deduct payroll taxes from Ribon's paycheck in violation of federal tax laws.

30. Plaintiff has exhausted all administrative remedies, if any, for this action and all conditions precedent to the filing of this action have been fulfilled and met by Plaintiff or waived by Defendants.

31. Plaintiff has retained the law firm of Pérez Law, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE FAIR LABOR STANDARDS ACT**

32. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-31, *supra*.

33. Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

34. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiffs demands judgment against all Defendants for the following:

A. Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

B. Injunctive relief;

C. Unpaid overtime wages found to be due and owing;

D. An additional equal amount as liquidated damages;

E. Pre- and Post-Judgment Interest;

F. Attorney's fees and costs; and

G. Such other relief as the Court deems just and equitable.

### COUNT II
### VIOLATION OF THE MINIMUM WAGE PROVISIONS
### OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-31, *supra*.

36. Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at the minimum wage rate.

37. As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

A. Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

B. Injunctive relief;

C. Unpaid minimum wages found to be due and owing;

D. An additional equal amount as liquidated damages;

E. Pre- and Post-Judgment Interest;

F. Attorney's fees and costs; and

G. Such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF 26 U.S.C. § 7434

38. Ribon re-alleges and incorporates by reference all allegations contained in Paragraphs 1-31, *supra*.

39. Defendants intentionally misclassified Ribon as an independent contractor to avoid paying him overtime pay, minimum wage, and standard federal payroll taxes.

40. Defendants knowingly issued Ribon a fraudulent 1099 in violation of 26 U.S.C. § 7434.

41. Pursuant to 26 U.S.C. § 7434, Plaintiff served this Complaint on the IRS.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

A. Declaratory judgment under Fed. R. Civ. Pro. 57;

B. Injunctive relief;

C. Statutory penalties;

D. Pre- and Post-Judgment Interest;

E. Attorney's fees and costs; and

F.      Such other relief as the Court deems just and equitable.

### COUNT IV
### RETALIATORY TERMINATION
### FLSA

42.      Ribon re-alleges and incorporates by reference all allegations contained in Paragraphs 1-31, *supra*.

43.      On April 7, 2018, Ribon complained to Gerardo Aparicio that he was not being paid overtime wages and that he was being misclassified as an independent contractor.

44.      Gerardo Aparicio became enraged and terminated Ribon on the spot in retaliation for complaining to him about unpaid overtime and misclassification.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

A.      Declaratory judgment under Fed. R. Civ. Pro. 57;

B.      Injunctive relief;

C.      Statutory penalties;

D.      Back pay;

E.      Front pay or reinstatement;

F.      Pre- and Post-Judgment Interest;

G.      Compensatory damages for pain, suffering and mental anguish;

H.      Punitive damages;

I.      Attorney's fees and costs; and

J.      Such other relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on and for all issues so triable.

Respectfully submitted this 2nd day of May, 2019,

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
Pérez Law, P.A.
105 E. Robinson Street
Orlando, FL 32801
Tel: 407-815-2250
Fax: 407-815-2257
Email: dan@perezlawpa.com
Secondary Email: brene@oerezlawpa.com